**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION**

| | | |
|---|---|---|
| BRANDY CASTOR, | § | |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | CASE NO.  3:17-cv- 2514 |
| KARL DAWSON and | § | |
| SWIFT TRANSPORTATION CO. OF | § | |
| ARIZONA, L.L.C., | § | |
|     *Defendants.* | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Defendant Swift Transportation Co. of Arizona, L.L.C., (hereinafter "Defendant") and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Sherry Brandy Castor v. Karl Dawson and Swift Transportation Co. of Arizona, L.L.C., Cause No. DC-17-10347, In the 162nd Judicial District Court of Dallas County, Texas*, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1.    Defendant Swift Transportation Co. of Arizona, L.L.C., was served on August 23, 3017, with Plaintiff's Original Petition. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under 28 U.S.C. §

1446(b). Defendant seeks to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiff in this action is a citizen of Texas, and no defendant is a citizen of Texas. As a result, complete diversity exists.

3. Plaintiff Brandy Castor was a citizen of Dallas County, Texas at the time this action was filed. Consequently, Plaintiff was at the time this action was commenced, and is currently, a citizen of the State of Texas.

5. Defendant Swift Transportation Co. of Arizona, L.L.C. is a corporation incorporated under the laws of the State of Arizona, having its principal place of business in Arizona. Consequently, Defendant Swift Transportation Co. of Arizona, L.L.C. was at the time this action was commenced, and is currently, a citizen of the State of Arizona and no other state.

4. Defendant Karl Dawson is an individual who is a citizen of Jefferson Parish, Louisiana. Consequently, Defendant Karl Dawson was at the time this action was commenced, and is currently a citizen of the State of Louisiana and no other state. Defendant Dawson has not been served.

## III.
## AMOUNT IN CONTROVERSY

6. Plaintiff's Original Petition does specify the amount of actual damages sought by the Plaintiff as "over $100,000 but not more than $200,000." See Plaintiff's

Original Petition, Appendix Ex. 1 at page 3. Therefore, the allegations of harm contained within the Petition makes it facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional threshold of this Court.  The Defendant must assert the amount in controversy in the Notice of Removal.  *See* U.S.C. §1446(C)(2)(A).  Further, the Defendant must establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  28 U.S.C. §1446(C)(2)(B).  The Defendant may rely on an estimation of damages calculated from the allegations in the complaint.  *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *see e.g., Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  If Defendant satisfies its burden and the Plaintiff wants the suit to be remanded to state court, the Plaintiff must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount.  *See McPhail,* 529 F.3d at 955.

7. A common-sensical review of the Plaintiff's Original Petition in the instant case clearly shows that the alleged damages in this case easily exceed $75,000.00. Defendant contends the amount in controversy is approximately $100,000.  The Petition shows that Plaintiff was struck by Defendant's 18-wheeler tractor-trailer.  The Petition alleges Plaintiffs suffered serious multiple bodily personal injuries.  Plaintiff further seeks recovery for past and future medical expenses and physical pain.

8. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent.  *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993).

## IV.

## **PROCEDURAL REQUIREMENTS**

9. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

10. By virtue of filing this Notice of Removal, the Removing Defendant does not waive their right to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

11. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit "A." Those papers include copies of the Court's Docket Sheet and Plaintiff's Original Petition.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of the 162nd Judicial District Court of Dallas County, Texas promptly after the filing of this Notice.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 162nd Judicial District in Dallas County, Texas to this Court, on this 18th day of September, 2017.

Respectfully submitted,

**SARGENT LAW, P.C.**

By: */s/ Chuck Shiver*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **CHUCK W. SHIVER II**
    Stte Bar No. 00792832
    chuck.shiver@sargentlaw.tx

1717 Main Street, Suite 4750
Dallas, Texas  75201
(214) 749-6000 Phone
(214) 749-6100 Fax

**ATTORNEYS FOR DEFENDANT**
**SWIFT TRANSPORTATION CO.**
**OF ARIZONA, L.L.C.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of September, a true and correct copy of the foregoing document was forwarded via e-service as follows:

    John C. Wren
    Loncar & Associates
    424 S. Cesar Chavez Boulevard
    Dallas, Texas 75201-5808

        */s/ Chuck Shiver*
        **CHUCK W. SHIVER II**